Dear Mr. Burton:
You have requested an opinion of the Attorney General, in your capacity as legal advisor to the Beauregard Parish School Board (Board). Therein, you state, that on July 8, 1999, the Board approved an increase in the compensation of its members from $350 to $700 per month. Two of the Board members voted against the pay increase and do not wish to accept it. Further, they do not want to declare the additional income and/or accrue the additional retirement benefits resulting from the increase. You specifically ask what options are available to the Board to accommodate these members.
The compensation of Board members is established by R.S.17:56. It provides, in pertinent part, the following:
 § 56. Compensation of board members and executive committee members
 A. (1) Members of all parish and city school boards are authorized to receive compensation not to exceed fifty dollars per day for every meeting of the school board. School board members shall not be paid for more than one hundred forty-four days in any one year; provided that no member shall be compensated for more than twelve meetings per month, or, in lieu of such per diem, the school board may elect, by a vote of a majority of the elected members, to go on an expense allowance basis, in which event the maximum allowance shall be eight hundred dollars per month for each member of the school board and nine hundred dollars per month for the school board president.
As you are aware, Article VI, Section 12 and Article X, Section 23 of the 1974 Louisiana Constitution prohibit the reduction of the compensation of an elected public official during the term for which he or she is elected. In Attorney General Opinion No. 91-238, this office was asked by the Union Parish School Board whether school board members could vote to decrease their current salary. Under the factual scenario presented, members took office on January 1, 1991. In March, 1991, the school board voted to raise the members' salary. Several months later, the members wanted to return to the lower salary which existed at the beginning of their terms. Citing Article X, Section 23, this office opined that the members' compensation could not be reduced during their remaining terms.
In Opinion No. 88-255, cited in your request, this office opined that a school board could not reduce the compensation of its members during their terms of office. However, we also held that school board members could vote to reduce their salaries for a future term. Finally, we noted that individual school board members were not prohibited from voluntarily reducing their compensation by failing to cash their pay checks or by donating back to the school board all or a part of their compensation.
We believe the facts presented in your request are distinguishable from those contained in the above cited opinions. In the instant case, the Board is not voting to reduce their salaries. To the contrary, Board members are seeking to increase their compensation from $350 to $700 per month. This scenario closely parallels the issues discussed in Opinion Nos. 93-174 and 76-418. These opinions address the question of whether it is permissible for members of a police jury, in adopting a salary schedule ordinance, to pay differing amounts of compensation to its members.
R.S. 33:1233 establishes the compensation for police jurors and contains language similar to the language found in R.S.17:56, quote supra. It provides, in pertinent part, the following:
 § 1233. Compensation
 A. (1) Every parish governing authority in Louisiana organized under the police jury system of government shall provide for the method and amount of compensation and mileage to and from the meeting place to be paid the member of the police jury of that parish.
 (2)(a) Members of the police jury are authorized to receive compensation not to exceed fifty dollars per day and the same mileage allowance as provided to state elected officials going to and from the court houses in their respective parishes for every day they are actually employed in the service of the parish and for travel outside the parish on parish business. . . .
 * * *
 (2)(b)(ii) No police juror shall be compensated for more than twelve meetings per month, or, in lieu of such per diem, the police jury may elect, by a vote of the majority of the elected members, to go on a salary basis, in which event the maximum salary allowable shall be one thousand two hundred dollars per month for each member of the police jury.
Interpreting the above language, we concluded in Opinion No. 93-174 that, while members of the police jury are "authorized" to receive a maximum compensation per month, the law does not mandate or require that police jurors receive that maximum. Quoting from Opinion No. 76-418, the author concludes:
 It is therefore the opinion of this office that a police juror may elect to receive compensation in an amount less than that paid to other members of the same police jury. It is our further opinion that the police juror who desires a decrease in compensation should make a motion to that effect in a police jury meeting. This would protect the police jury from future claims by the police juror that he is entitled to back compensation because he received a salary less than that received by his fellow police jurors.
Applying this same reasoning to your inquiry, we are of the opinion that the Board, in fixing the compensation of its members, can pay the two Board members less than that paid to the other members. We recommend that the minutes clearly reflect that the two Board members voted against receiving the pay increase and prefer to remain at their present level of compensation.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/sfj